**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TELIMATHY BARNETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-CV-326-JWD-SCR** |
| **JAMES L. BULLOCK ET AL.** | |

**RULING AND ORDER**

Before the Court is a Motion for Summary Judgment filed by Zurich American Insurance Company (hereinafter "Zurich"). (Doc. 35.) Plaintiff has filed an Opposition. (Doc. 38.) Zurich has replied. (Doc. 44.) Oral argument is not necessary.

*Background and Contentions of the Parties*

On June 6, 2011, Plaintiff was injured in a motor vehicle accident. (Doc. 1, pp. 2-3.) Among those sued in the present lawsuit is Zurich. (Doc. 1, p. 1.) Zurich issued a Trucker's Occupational Accident Insurance Policy ("policy") and, under the terms of that policy, paid indemnity, medical and related benefits from June 17, 2011 until Zurich terminated benefits on April 19, 2012. (Doc. 35-2, p. 1.)

Zurich contends it is entitled to summary judgment declaring that Plaintiff is not entitled to any additional benefits under the policy and dismissing Plaintiff's claims against Zurich. (Doc. 35.) Zurich claims entitlement to summary judgment because "[i]t cannot be disputed that Zurich stopped paying benefits to the plaintiff when the plaintiff's physicians stated that he reached maximum medical improvement, per the plain language of the policy." (Doc. 35, p. 2). Further, Zurich argues "[i]t cannot be disputed that per the Policy, the plaintiff is not entitled to any additional indemnity benefits due to his undisputed medical status." (*Id.*)

Plaintiff argues that his medical status is disputed and that the opinion of his treating neurosurgeon, combined with Plaintiff's testimony, raises material issues of fact precluding summary judgment in favor of mover. (Doc. 38, p. 6.)

*Standard Under Rule 56 Motion for Summary Judgment*

Summary judgment shall be granted when there are no genuine issues of material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex v. Carrett*, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*. at 248-49, 106 S.Ct. 2505. In order to grant a motion for summary judgment, the Court must be satisfied "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505).

The moving party bears the burden of establishing that there are no genuine issues of material fact. *Celotex,* 477 U.S. at 324, 106 S. Ct. 2548. However, if the dispositive issues is one on which the nonmoving party will bear the burden of proof at trial, the nonmoving party may satisfy the burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the non-moving party's claim. *Id*. at 325, 106 S. Ct. 2548; *Lavaspere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referencing evidence, set out specific facts showing that the genuine issue exists. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify

specific facts that establish a genuine issue exists for trial. *Id*. at 325, 106 S. Ct. 2548; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment may be improper, even though the basic facts are undisputed, if the ultimate facts in question are to be inferred from them, and the parties disagree regarding the permissible inferences that can be drawn from the basic facts. *Winters v. Highlands*, 569 F.2d 297, 299 (5th Cir. 1978). "'[T]he choice between permissible inferences is for the trier of facts.'" *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978), quoting, *Walker v. U.S. Gypsum Co.*, 270 F.2d 857, 862 (5th Cir. 1959), cert. denied, 363 U.S. 805, 80 S.Ct. 1240, 4 L.Ed.2d 1148 (1960). Where a jury is called for, the litigants are entitled to have the jury choose between conflicting inferences from basic facts. *Nunez*, 572 F.2d at 1124.

*Analysis*

In its motion (Doc. 35, p. 2), Statement of Undisputed Facts (Doc. 35-2, p. 2) and its Memorandum (Doc. 35-1, p. 2), Zurich stresses that several doctors, including Plaintiff's treating neurosurgeon, have found Plaintiff to be at "maximum medical improvement, *per the plain language of the policy*." (Emphasis added). But Zurich has pointed to no language in the policy supporting its position that benefits under the policy end when the insured reaches maximum medical improvement.

Rather, both Plaintiff and Zurich point to the same policy language that "Temporary Total Disability Benefits shall cease on the earliest of the following: 1. the date the Insured Person is no longer Temporarily Totally Disabled; ***4) the date on which Temporary Total Disability is not substantiated by objective medical evidence satisfactory to the Company." (Doc. 35-1, p. 4; Doc. 38, p. 2.) Temporarily Total Disability means "disability that 1. prevents an Insured Person from performing the Material and Substantial Duties of his or her occupation as a commercial truck

driver; 2. requires the care and treatment of a physician; and 3. Requires that and results in the Insured Person receiving Continuous Care." (Doc. 35-1, p. 2; Doc 38, p. 2.)

While Zurich points to reports from its independent medical examiners that suggest that Plaintiff is no longer temporarily totally disabled (e.g. Doc. 35-5, pp. 27-30), Plaintiff points to evidence raising issues of fact as to each of the three prongs of the definition. First, the treating doctor reports that Plaintiff has suffered permanent functional limitations as a result of the accident and he is now limited to light and sedentary work. (Doc. 35-5, pp. 9-16.) Second, the treating doctor has prescribed additional treatment for the injury (Doc. 35-5, p. 9.) that Plaintiff wants to have but is unable to get because Zurich has refused to pay for the treatment. (Doc. 38-1, pp. 77-78). While Zurich argues that Plaintiff has not gotten additional treatment, Plaintiff counters that this is because of Zurich's refusal to pay for it. (*Id.*)

The Court finds that there are material issues of fact precluding summary judgment and, accordingly, Zurich's motion for summary judgment is DENIED.

Signed in Baton Rouge, Louisiana, on <u>January 5, 2015</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**